GLD-091                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3363
_____

ROBERT LUSE, HUSBAND; KAY LUSE, WIFE,
                                                        Appellants

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-01221)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
January 20, 2011

Before:  AMBRO, CHAGARES and NYGAARD, Circuit Judges

(Opinion filed: February 11, 2011)
_____

OPINION
_____

PER CURIAM

        Robert Luse appeals pro se from the District Court's July 7, 2010 order granting

summary judgment.  For the following reasons, we will affirm.

I.

This action arises out of an accidental kitchen fire that occurred on August 4, 2007, in a condominium owned by Appellant Robert Luse[1] and his wife, Kay (the "Luses"). At the time of the fire, the Luses were insured under a condominium insurance policy that was issued by Appellee Liberty Mutual Fire Insurance Company ("Liberty"). In June 2009, the Luses filed a complaint against Liberty in the Court of Common Pleas of York County, Pennsylvania, alleging that Liberty acted in bad faith in handling their insurance claim in violation of 42 Pa. Cons. Stat. Ann. § 8371, because Liberty failed to properly investigate and ameliorate the health hazards posed by the results of the fire, and because Liberty initially informed the Luses incorrectly regarding their policy coverage.[2] Liberty subsequently filed a Notice of Removal of the case to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Following discovery, the District Court granted Liberty's motion for summary judgment, finding no genuine issue of material fact that could be resolved in the Luses' favor as to their claim that Liberty had acted in bad faith. Mr. Luse appealed pro se, and has requested the appointment of counsel on appeal. Liberty moves for summary affirmance of the District Court's summary judgment ruling.

II.

---

[1] Because he is proceeding pro se, Robert Luse may represent only himself in this appeal.
[2] The Luses' initial complaint raised additional claims which were either resolved or abandoned before the District Court decided Liberty's motion for summary

2

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's grant of summary judgment is plenary. See Curley v. Klem, 298 F.3d 271, 276 (3d Cir. 2002). Summary judgment is appropriate if the materials in the record show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact is one that could change the outcome of the litigation. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether a genuine issue as to any material fact exists, we consider all evidence in the light most favorable to the nonmoving party. Klem, 298 F.3d at 276-77.

We may summarily affirm when it clearly appears that no substantial question is presented by the appeal. Third Circuit LAR 27.4 and I.O.P. 10.6.

### III.

We agree that the District Court properly granted summary judgment on the Luses bad faith claims. The material facts established by the record in this case are generally undisputed. The fire occurred on August 4, 2007. Liberty sent a representative, William Kishbaugh, to visit the premises on or about August 8, 2007. Mrs. Luse was the only member of the household present for the investigation. Mr. Kishbaugh determined that the home was liveable. There is contradicting testimony concerning whether Mrs. Luse informed Mr. Kishbaugh during that visit that her husband had emphysema. Compare Kay Luse Dep. 26:14-22, 30:7-20, Nov. 25, 2009 and William Kishbaugh Dep. 52:1-7, 53-56, Nov. 3, 2009. However, Mrs. Luse testified that she did not ask Mr. Kishbaugh

judgment.

3

about relocation on that date. Kay Luse Dep. 26:14-22.

The record shows that Mrs. Luse informed Liberty claims supervisor Anthony Waslesyn that there were individuals with respiratory problems living in the home in a phone conversation on August 10, 2007. During this call, Mrs. Luse asked for authorization to proceed with house cleaning, which was granted. There is no record that Mrs. Luse raised the issue of relocation at this time.

Approximately four days after the fire, Mr. Luse called Mr. Walesyn to again request authorization to have the house cleaned. Mr. Walesyn informed him that authorization had already been given. There is some dispute over the full extent of this conversation, but there is no indication that Mr. Luse asked about relocation at this time. Mr. Luse testified inconsistently as to whether he ever discussed his medical condition with anyone from Liberty. Compare Robert Luse Dep. 33:16-25, Feb. 4, 2010 and Dep. 5-7.

On or about August 24, 2007, Mr. Luse's respiratory therapist, Barbara Shultz, contacted two individuals at Liberty, including supervisor Paul Schrembeck, and told them that keeping Mr. Luse in his home posed risks to his health. After receiving this call, Mr. Schrembeck took prompt action in relocating the Luse family to a hotel. See Paul Schrembeck Dep. 25, 31-32, Apr. 13, 2010. Based on these events, the Luses claim that Liberty acted in bad faith by failing to properly investigate their claim and not promptly acting to relocate them after learning of Mr. Luse's respiratory condition.

The Luses also claim that Liberty acted in bad faith by not initially informing them that their condominium insurance policy from Liberty provided them with primary living

4

expense coverages. During his initial visit to the home, Mr. Kishbaugh informed Mrs. Luse that Liberty would only provide secondary coverage for the damage because the Luses had a condominium policy which provided primary coverage. Mr. Kishbaugh based this information on his previous experience with condominium claims as he had not reviewed either policy. Later, Mr. Kishbaugh confirmed that the condominium policy was the master policy with regard to building and structure coverage, but informed the Luses that the Liberty policy would cover additional living expenses, such as relocation expenses. This was not explained to Mrs. Luse at the time of the inspection.

The Luses' claim against Liberty is governed by Pennsylvania's Bad Faith Statute, 42 Pa. Cons. Stat. Ann. § 8371, which provides a remedy in an action under an insurance policy, if the court finds that the insurer has acted in bad faith.[3] "Bad faith" is defined as "any frivolous or unfounded refusal to pay proceeds of a policy." See Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (citations omitted). A valid cause of action for bad faith under Pennsylvania law requires clear and convincing evidence that: (1) the insurer did not have a reasonable basis for its action, and (2) the insurer knew or recklessly disregarded its lack of reasonable basis. See Keefe v. Prudential Prop. & Cas. Ins. Co., 203 F.3d 218, 225 (3d Cir. 2000); see also Terletsky, 649 A.2d at 688 ("[B]ad faith must be proven by clear and convincing evidence and not merely insinuated."). While an insurer has a duty to investigate claims fairly and objectively, Diamon v. Penn Mut. Fire Ins. Co., 372 A.2d 1218, 1226 (Pa. Super. Ct.

---

[3] There is no common law remedy in Pennsylvania for bad faith on the part of insurers.

5

1977), an insurer may defeat a bad faith claim by showing that it conducted a review or investigation sufficiently thorough to yield a reasonable foundation for its action. See J.C. Penney Life Ins. Co. v. Pilosi, 393 F.3d 356, 367 (3d Cir. 2004) ("A reasonable basis is all that is required to defeat a claim of bad faith."). Mere negligence or bad judgment is not bad faith. Terletsky, 649 A.2d at 688.

After reviewing the record, the District Court found that there was no evidence sufficient to create a genuine issue of material fact as to whether or not Liberty acted in good faith. We agree. Liberty sent a representative to the scene within four days of the fire. At that time, the representative determined that the premises were liveable. Even if Mrs. Luse did tell the investigator that Mr. Luse had emphysema, she did not indicate that she thought relocation would be necessary. Given that the home was assessed to be liveable, Liberty had a reasonable basis for not immediately initiating relocation efforts. When Mrs. Luse requested authorization to have the condominium cleaned shortly afterward, that request was granted. There is no evidence that the Luses made any relocation request prior to August 24, 2007, when Mr. Luse's respiratory therapist spoke to Paul Schrembeck. Upon receiving information by a licensed respiratory therapist of the health risks posed to Mr. Luse, the record shows that steps were immediately taken to temporarily relocate the family. Even if Mr. Kishbaugh and Mr. Waslesyn could be faulted for failing to make a more thorough inquiry into Mr. Luse's condition after being informed that Mr. Luse had emphysema, the Luses have not produced evidence "so clear, direct, weighty and convincing as to enable a clear conviction, without hesitation, about whether or not the defendants acted in bad faith." J.C. Penney Life Ins. Co. v. Pilosi, 393

6

F.3d 356, 367 (3d Cir. 2004).[4]  At most, as the District Court reasoned, the available evidence shows that Mr. Kishbaugh and Mr. Waslesyn were arguably negligent. However, the bad faith doctrine is not implicated by mere negligence.  See Terletsky, 649 A.2d at 688.

We reach the same conclusion as to Liberty's failure to initially inform Mrs. Luse about the availability of primary policy coverage.  The information Mr. Kishbaugh initially gave Mrs. Luse was not incorrect, but incomplete.  Because Mr. Kishbaugh determined that the condominium was liveable and no request for relocation was made, Mr. Kishbaugh had a reasonable basis for failing to give Mrs. Luse full information concerning her living expenses coverage at that time.

Following an independent review of the record, we agree that there is no genuine dispute of any material fact that, if resolved in the Luses' favor, would allow them to prevail.

IV.

Because no substantial question is presented by this appeal, and for the reasons stated above, we will summarily affirm the order of the District Court.  See Third Circuit LAR 27.4 and I.O.P. 10.6.  Appellant's motion for appointment of counsel is denied.[5]

---

[4] The insured's burden in opposing a summary judgment motion brought by the insurer is "commensurately high because the court must view the evidence presented in light of the substantive evidentiary burden at trial."  Northwestern Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005) (citations omitted).

[5] Robert Luse is not eligible for appointment of counsel because he is not proceeding as an indigent litigant.  See 28 U.S.C. § 1915(e)(1); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993).